UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| COLIN HAWKINS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No. 6:19-cv-0014-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GREGORY KIZZIAH, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Colin Hawkins is a prisoner confined at the United States Penitentiary (USP)-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Hawkins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] However, Hawkins' petition was not filed on a form approved for use by this Court as required by Local Rule 5.2. More critically, Hawkins did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion for leave to proceed *in forma pauperis*. Thus, dismissal of Hawkins' petition without prejudice is warranted on this ground alone

However, even if the Court overlooked Hawkins' failure to pay the filing fee, as currently drafted, Hawkins' petition is subject to summary denial for failure to adequately articulate a claim for relief. Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also*

*Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

Hawkins' two-page, bare-bones petition fails to allege any facts at all in support of his request for relief. Although he states that he "wishes to demonstrate to this Honorable court that his motion under § 2255 was inadequate and that a structural error occurred during that process," and that he "wishes to demonstrate that he is actually innocent of the alleged acts he was convicted of committing and that further confinement would violate the 14th Amendment, depriving him of his liberty without Due Process of Law" [R. 1 at 2], he fails to provide any facts supporting either of these contentions. Indeed, no further information or details are provided regarding his underlying conviction that he is now challenging, nor any explanation of how the remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention, thus allowing him to proceed under the "savings clause" of § 2255(e). *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). For all of these reasons, Hawkins fails to allege facts sufficient to establish that he is entitled to relief and his petition will be denied without prejudice.

This case is now closed, and Hawkins cannot reopen this case by paying the $5.00 fee that was previously due. If Hawkins wishes to seek relief from this Court, he may file an entirely new case in compliance with the rules stated above and his new petition must allege facts supporting his claim for relief. Appropriate forms may be obtained from the Clerk of the Court. If Hawkins is not able to arrange to pay the filing fee at the same time he files his petition, he must send with his petition copies of documents he filed with the prison, such as a Form BP-199, to request payment of the filing fee and so advise the Clerk of the Court at the time of filing.

Accordingly, it is hereby **ORDERED** as follows:

1. The petition for a writ of habeas corpus [**R. 1**] is **DENIED WITHOUT PREJUDICE**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 28th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge